FREDERICK RAMSEY, ASSESSOR v. CLERK OF EVERETT TOWNSHIP.

*School-districts.*

Mandamus lies on relation of a school-district assessor to compel the clerk of a township to which the district formerly belonged, to certify to the supervisor of the township to which it now belongs the amount ascertained by the school inspectors as due to the relator's district from what remained of the old district out of which it was erected.

Mandamus.    Submitted Oct. 30.    Granted Dec. 21.

*M. Brown* and *J. H. Palmer* for relator.    Section 3044 of the Compiled Laws of 1871, as amended by sec. 19 of the laws of 1881, Act 154, provides that when a new district is formed in whole or in part from one or more districts possessed of a school house or entitled to other property, the school inspectors shall determine the amount due to such new district from any district out of which it may have been formed, as the proportion of such new district of the value of the school house and other property belonging to the former district, at the time of such division : *Brewer v. Palmer* 13 Mich. 108 ; *People v. Davidson* 2 Doug. (Mich.) 121 ; no appeal having been taken, the action of the inspectors should be considered acquiesced in, both as regards the division of the district and the apportionment thereunder, and it is no answer to an application for a certificate of the amount determined,

that the inspectors did not comply with all the directions of the statute. *Clement v. Everest* 29 Mich. 22.

GRAVES, C. J. In the winter of 1880 certain proceedings were taken to erect a new school-district out of territory then belonging to district No. 3 of Everett, and the board of school inspectors carried out the scheme and identified the new district as No. 7. They further ascertained and decided that there was justly due to said new district from the residue of the old one the sum of $1679.32, as its proportion of the value of the school-house and other property of the former district. Subsequently the board of supervisors erected the township of Wilcox from territory belonging to said township of Everett, and the new school-district was included, and was afterwards identified as district No. 1 of Wilcox.

At the October term for 1881 the relator applied for a mandamus to require the clerk of the township of Everett to certify to the supervisor the amount liquidated as aforesaid by the board of school inspectors as due to the new district from the old one. The petition set forth the proceedings in general terms, and alleged that the clerk had refused to certify to the supervisor. The usual order to show cause was allowed, and the respondent subsequently filed a sworn answer. It was manifestly evasive, but out of deference to the public interests connected with the case the Court was induced to prescribe a finding on such questions as the papers indicated to be of any importance in this inquiry, and at the April term for 1881 they were sent down for trial. They were afterwards determined by a jury, and the answer to each proposition was adverse to the contention by respondent.

The case is now before us on the order to show cause. Abundant opportunity has been given, but no showing of the least importance is made. The application stands substantially undefended. No brief is furnished for the respondent, and no one answers for him. And relator's counsel suggests that it is his understanding that the respondent intends to go no further.

Under these circumstances greater delay would not be excusable. The application seems to be prima facie sufficient, and the failure to show any cause against it after so much time and opportunity is very near to a confession of its propriety.

The peremptory writ must issue.

The other Justices concurred.